*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELLE MCBRIDE, also known as MICHELLE LARSEN,

UNPUBLISHED
March 2, 2023

Plaintiff-Appellant,

v

No.   361317
Kalamazoo Circuit Court
LC No.   2016-006747-DP

STEVEN MICHAEL MATHEWS,

Defendant-Appellee.

Before:  GLEICHER, C.J., and MARKEY and RICK, JJ.

MARKEY, J.  (*concurring in part, dissenting in part*).

I am in full agreement with the majority in regard to the custody issue.  But I adamantly disagree with the majority's determination that the trial court abused its discretion in finding plaintiff in contempt of court.  Accordingly, I respectfully concur in part and dissent in part.

A trial court's findings in relation to a contempt determination are reviewed for clear error and must be affirmed if there is competent evidence to support the findings.  *In re Contempt of Henry*, 282 Mich App 656, 668; 765 NW2d 44 (2009) (citations omitted).  We are not permitted to weigh the evidence or assess the credibility of the witnesses in determining whether there was competent evidence to support the findings.  *Id.* at 668-669.  Clear error exists when the appellate court is left with the firm and definite conviction that a mistake was made.  *Id*. at 669.  The ultimate decision to issue a contempt order rests in the sound discretion of the trial court, which we review for an abuse of discretion.  *Id*. at 671.  "If the trial court's decision results in an outcome within the range of principled outcomes, it has not abused its discretion."  *Id*. (citation omitted).

Contempt of court encompasses willful acts, omissions, or statements that tend to impair the authority or impede the functioning of a court.  *In re Contempt of Dudzinski*, 257 Mich App 96, 108; 673 NW2d 756 (2003); *In re Contempt of Robertson*, 209 Mich App 433, 436; 531 NW2d 763 (1995).  "Courts have inherent independent authority, as well as statutory authority, to punish a person for contempt."  *Robertson*, 209 Mich App at 436.  Pursuant to MCL 600.1701(g), a court is authorized to hold a party in contempt of court "for disobeying any lawful order, decree, or process of the court."  "A party must obey an order entered by a court with proper jurisdiction,

-1-

even if the order is clearly incorrect, or the party must face the risk of being held in contempt and possibly being ordered to comply with the order at a later date." *Kirby v Mich High Sch Athletic Ass'n*, 459 Mich 23, 40; 585 NW2d 290 (1998). The main purpose of a court's contempt authority is to sustain the power and preserve the effectiveness of the court. *Dudzinski*, 257 Mich App at 108.

I initially note that plaintiff's contempt argument is entirely embedded in her discussion of the best-interest factors; it is not directly referenced in the "statement of questions involved." MCR 7.212(C)(5). For that reason alone, reversal is unwarranted. See *Seifeddine v Jaber*, 327 Mich App 514, 521; 934 NW2d 64 (2019) ("plaintiff has waived this issue by failing to include it in his statement of questions presented"). It is unnecessary to address the best-interest factors for purposes of this appeal given the holding on the threshold issue of proper cause and change of circumstances, and plaintiff has not presented the contempt-of-court argument as a separate, independent issue.

The trial court granted defendant's motion to show cause and held plaintiff in contempt of court for "intentionally and repeatedly" violating the "order regarding joint legal custody and . . . parenting time." Plaintiff asserts that the trial court abused its discretion when it granted the motion to show cause and held her in contempt. The evidence, however, was abundantly clear that plaintiff withheld ALM from defendant's care and custody with no legal basis to do so. The trial court found that plaintiff "clearly did not try to facilitate the child['s] return to the father," and the court found that plaintiff's claim that ALM refused to return home to defendant was not believable. These are credibility assessments that were for the trial court to make, not this panel on appeal. See *Henry*, 282 Mich App at 668-669.

The majority contends that plaintiff did not disregard "the court's order out of spite, but to protect ALM physically and emotionally." First, "spite" is not a requirement for being held in contempt of court, and, further, the court disbelieved any assertion that plaintiff made a serious effort to return ALM to her father. Indeed, plaintiff was able to return ALM to defendant's care a few days later after the trial court compelled her to do so. If a party in a domestic relations case can avoid the consequences of not abiding by a custody or parenting-time order on the basis that his or her child resisted going to the other parent's home because of non-abusive discipline, the court's authority and effectiveness would be undermined and would essentially be governed by the child. That is a troubling and dangerous proposition, and one that in today's culture may portend a trend, harmful, ultimately, to the child. Here, the majority has improperly substituted itself in the role of assessing plaintiff's credibility, usurping the trial judge's function.

Moreover, the trial court also found plaintiff in contempt for not abiding by the joint legal custody order mandating that defendant be involved in medical decisions affecting ALM. The record here clearly supports this determination. The majority simply ignores this aspect of the contempt-of-court ruling.

In short, I would hold that the trial court did not abuse its discretion when it granted defendant's motion to show cause and held plaintiff in contempt of court. Accordingly, I must dissent on the contempt issue as the majority, though no doubt well-intentioned, has unfortunately over-stepped our role as appellate judges.

I concur in part and dissent in part.


/s/ Jane E. Markey